HENRY D. GRADSTEIN, ESQ., STATE BAR NO. 89747
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
KING, HOLMES, PATERNO & SORIANO, LLP
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA  90067-4506
TELEPHONE:  (310) 282-8989
HGRADSTEIN@KHPSLAW.COM

Attorneys for Plaintiff
WASHOUTPAN.COM, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| WASHOUTPAN.COM, LLC, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>HD SUPPLY CONSTRUCTION SUPPLY, LTD., a Florida limited partnership; and DOES 1-10, inclusive,<br>Defendants. | CASE NO: 2:20-cv-01105-JAK-MRW<br><br>**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Washoutpan.com, LLC ("WP") hereby alleges as follows:

## INTRODUCTION

1. WP has been a leader in the concrete containment pan ("Pan") industry since 2004.  WP began a business relationship with Defendant HD Supply Construction Supply, LTD., d/b/a HD Supply Construction & Industrial – White Cap, ("HDS") at the end of 2012, pursuant to which WP supplied its Washout Pan concrete containment pan products ("WP Pans") to HDS.  WP entered into an agreement in 2013, dated as of January 1, 2014, for WP to continue supplying its WP Pan products to HDS.  The agreement terminated effective February 7, 2018.

5295.062/1569670.1

2. HDS has since been manufacturing, or instructing others to manufacture, and selling, concrete waste containment cans imitating the complete WP Pan product line (the "Imitation Pans"). HDS has advertised, promoted and marketed the Imitation Pans through the unauthorized publication of WP's copyright protected photographs (the "Photographs") in HDS webpages, catalogues, brochures and print and Internet advertising.

3. After the commencement of the instant action, WP discovered that HDS was willfully infringing a new copyright-protected WP Photograph.

4. HDS intended its use of WP's Photographs to cause, and it did cause, customers who intended to purchase WP Pans to purchase HDS's Imitation Pans. As a result, WP has been unable to sell WP Pans, diverting virtually all potential WP Pan sales from WP to HDS and causing WP to lose its business.

## THE PARTIES

5. WP is and at all times material herein has been a limited liability company duly organized and existing under the laws of the State of California, with its principal place of business in San Diego, California.

6. On information and belief, HDS is and at all times material herein has been a limited partnership duly organized and existing under the laws of the State of Florida, with its principal place of business located in Atlanta, Georgia.

7. WP does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 10, inclusive. WP sues them by use of fictitious names. WP is informed and believes that Doe defendants 1 through 10 are affiliated in some manner with HDS and have direct, contributory, or vicarious responsibility for the wrongful acts as alleged herein. WP will amend this complaint appropriately once the true names and capacities of Doe defendants 1 through 10 are learned. As used below, the terms "HDS" and "defendants" shall collectively refer to the named defendant HDS together with the defendants identified as DOES 1 through 10.

8. On information and belief, at all times herein mentioned, each of the defendants was the agent of each of the remaining defendants, and in doing the things alleged herein, was acting within the scope of such agency. On information and belief, the conduct of each of the defendants as alleged herein was ratified by each of the other defendants, and the benefits thereof were accepted by each of the other defendants.

9. On information and belief, each of the defendants induced the other defendants to infringe upon WP's rights, participated in, and enabled the other defendants to engage in the conduct herein alleged, or supervised that conduct, with knowledge that the conduct of other defendants would infringe upon WP's rights, and constitute unfair competition and false and deceptive actions. Therefore each of the defendants is jointly and severally liable as a contributory or vicarious infringer of WP's rights.

## JURISDICTION AND VENUE

10. This action arises under the United States Copyright Act of 1976. The complaint states a claim for infringement of a federally registered copyright under the Copyright Act (17 U.S.C. §§ 106 and 501).

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

12. This Court has personal jurisdiction over HDS because HDS committed one or more of the infringing acts complained of herein in California and in this district, HDS has one or more stores located in California and in this district, and HDS does regular business in California and in this district. This Court has personal jurisdiction over HDS because, among other things, HDS regularly and systematically conducts business in the State of California and in this judicial district and has purposefully availed itself of the benefits and protections of California law.

13. Venue in this Court is proper at least under the provisions of 28 U.S.C.

§ 1391.

## FACTS

14. WP was founded in 2004 under its current name and is an industry leader in manufacturing industrial containment products.

15. The WP Pan line consists of concrete containment pans used to receive and contain liquid concrete waste from concrete pumps and ready mix trucks. WP Pans include a PRO line with concrete containment pans 727214PRO 72" x 72" x 14" PRO Pan, 727224PRO 72" x 72" x 24" PRO Pan, 509614PRO 50" x 96" x 14" PRO Pan, 509618PRO 50" x 96" x 18" PRO Pan, 604814PRO 60" x 48" x 14" PRO Pan.

16. In or about October 2012, WP and HDS began discussions for HDS to distribute WP Pans. HDS commenced selling WP Pans on or about December 2, 2013.

17. WP and HDS entered into a Supplier Buyer Agreement for HDS to distribute WP's Washout Pan products with an effective date of January 1, 2014.

18. In January 2014, WP provided to HDS high resolution photographs of Washout Pan products with HDS's Brigade label.

19. On December 4, 2014, HDS requested that WP send Photographs of WP Pans to display at the World of Concrete tradeshow on February 3-6, 2015. HDS specifically requested that WP share with HDS lifestyle application images of WP Pans. WP sent HDS high resolution Photographs by WP of WP's products including WP Pans denominated 509614PRO, 509618PRO, 604814PRO, 727214PRO, 727224PRO, 727214HD, and 727224HD.

20. Effective February 7, 2018, WP and HDS entered into a Confidential Settlement Agreement and Release, which ended their Supplier Buyer Agreement.

21. As early as February 2018, HDS began selling Imitation Pans and using WP's Photographs of WP Pans without WP's authorization or consent on HDS's website, in HDS catalogues, in HDS brochures, and in HDS Internet advertising and

marketing for Imitation Pans.  A copy of examples of HDS's unauthorized use of WP's copyrighted photographs in HDS's e-catalogue is attached hereto as Exhibit 1.  A copy of an example of HDS's unauthorized use of WP's copyrighted photograph on HDS's website is attached hereto as Exhibit 2.  A copy of an example of HDS's unauthorized use of WP's copyrighted lifestyle Photographs of WP Pans is attached hereto as Exhibit 3.  A copy of an example of HDS's unauthorized use of WP's Photographs in an advertisement is attached hereto as Exhibit 4.  Those are only a handful of examples of HDS' extensive unauthorized use and infringement of WP's Photographs.

22. HDS used the Photographs to market, promote and advertise its Imitation Pans, including in the Central District of California, in order to divert customers from WP and cause them to purchase HDS' Imitation Pans instead of authentic WP Pans.

23. On August 24, 2018, WP confronted HDS in writing about HDS's continued infringement of the Photographs.  WP again contacted HDS, in writing, on October 18, 2018, to demand that it cease and desist from its unauthorized use of WP's Photographs on HDS' website, in its catalogues, and elsewhere, because HDS had not stopped its rampant infringement. In or about November 2018, HDS falsely claimed, in writing, that it would and had complied.  In fact, HDS continued to infringe WP's copyrights by placing WP's Photographs in its product catalog brochures and in print and Internet advertising to promote and market its imitation Pans at least until throughout 2019, in willful disregard of WP's rights.

24. The United States Copyright Office issued certificates of registration effective December 15, 2018, through December 17, 2018, for WP's owned photographs of Washout Pan concrete containment pans, including a top view and a side view of the 727224PRO; a top view and a side view of the 509618PRO; a top view and a side view of the 509614PRO; a top view, a fork side view, and a flat side view of the 727214PRO; a top view and a side view of the 604814PRO; a bottom

view and a side view of the 727224HD; a bottom view and a side view of the 727214HD; a side view of a pan from the Washout Pan product line; concrete being dumped into a pan from the Washout Pan product line; a machine being rinsed over a pan from the Washout Pan product line; and a side view of a pan from the Washout Pan product line that is filled with liquid cement waste. The Registration Numbers are VA 2-133-229, VA 2-133-230, VA 2-133-235, VA 2-133-239, VA 2-133-240, VA 2-133-243, VA 2-133-249, VA 2-133-251, VA 2-133-253, VA 2-133-254, VA 2-133-256, VA 2-133-257, VA 2-133-258, VA 2-133-259, VA 2-133-260, VA 2-133-262, VA 2-133-233, VA 2-133-236, VA 2-133-238, VA 2-133-264, and VA 2-133-266. In addition, in or about July 2019, the Copyright Office issued registration number TX0008738654 for WP's product catalog containing the Photographs, effective December 16, 2018, and on February 26, 2020, registration number VA2-192-513, effective January 17, 2019, of WP's owned Photograph of a Washout Pan concrete containment pan lid (collectively, with the other copyrights alleged herein, the "Copyrights"). Copies of the certificates of registration of the Copyrights identified in this paragraph 24 are attached hereto as Exhibit 5.

25. On or about February 14, 2020, WP discovered that HDS was engaging in a new willful infringement to promote and advertise its Imitation Pans, this time of a copyright-protected photograph that WP began displaying on its website and elsewhere in or about Fall 2019. After applying to register the copyright, WP had photoshopped it to add to the photo new red and white tape that WP had designed bearing WP's name and logo.

26. WP did not commence displaying the photograph, with or without the tape, until in or about Fall 2019. Therefore, WP is informed and believes that HDS copied the copyright-protected photograph with the tape and commenced using it to promote its own products without WP's knowledge or consent long after WP transmitted demands that HDS cease and desist from infringing WP's intellectual property and HDS purported to commit to complying with those demands. A copy

1  of the photograph, copied from HDS' "White Cap" website on February 14, 2020, is
2  attached hereto as Exhibit 6.

3      27.    Attached hereto as Exhibit 7 is a copy of the certificate of registration
4  of WP's copyright in the photograph (without the photoshopped tape) attached
5  hereto as Exhibit 6, United States Copyright Office Registration No. VA 1-191-170,
6  the effective registration date of which is February 4, 2019.

## CLAIM FOR RELIEF FOR COPYRIGHT INFRINGEMENT

8      28.    Plaintiff realleges and incorporates by reference the foregoing
9  numbered paragraphs as though fully set forth herein.

10      29.    17 U.S.C. § 501 prohibits, *inter alia*, anyone from copying original
11  expression from a copyrighted work during the term of the copyright without the
12  owner's permission.

13      30.    WP is the sole owner of the Copyrights in original Photographs that are
14  fixed in tangible media of expression.

15      31.    From and after 2018, and continuing at least throughout 2019, and, in at
16  least one case, in 2020, HDS infringed WP's exclusive rights under the Copyright
17  Act, 17 U.S.C. §§ 106 and 501, by producing, reproducing, distributing, and
18  publicly displaying WP's protected works for which the Copyrights were issued
19  without WP's authorization or consent, including in the Central District of
20  California.

21      32.    On information and belief, HDS's infringement has been undertaken
22  knowingly and with intent to financially gain from WP's copyrighted works, or
23  HDS acted with reckless disregard for, or willful blindness to, WP's rights.

24      33.    HDS's conduct as alleged above has damaged and will continue to
25  damage WP.  WP's damages include, but are not limited to, the loss of nearly its
26  entire business through HDS' diversion of sales of WP Pans through its use of the
27  Photographs in its marketing, promotion, and advertising of HDS' imitation
28  concrete waste container pans, including, but not limited to, a reduction in sales of

KING, HOLMES,
PATERNO &
SORIANO, LLP

5295.062/1569670.1                              7

WP Pans to nearly zero.

34. On information and belief, as a result of its conduct as alleged above, HDS has been unjustly enriched and has wrongfully profited.

35. WP is entitled to statutory remedies, actual damages, and any profits of HDS that are attributable to the infringements and not taken into account in computing actual damages, in amounts to be proved at trial, and all other relief allowed under the Copyright Act.

36. As a direct and proximate result of Defendants' misconduct alleged above, WP has been damaged in an amount which is not as yet fully ascertained, but which WP believes exceeds $3,000,000.

## PRAYER FOR RELIEF

WHEREFORE, WP prays for judgment against Defendants, jointly and severally, as follows:

1. For damages in the amount of at least $3,000,000, plus interest at the legal rate;

2. For statutory damages;

3. For costs and attorney fees incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED:   April 27, 2020          KING, HOLMES, PATERNO & SORIANO, LLP

By:   */s/ Stephen D. Rothschild*
HENRY D. GRADSTEIN
STEPHEN D. ROTHSCHILD
Attorneys for Plaintiff
WASHOUTPAN.COM, LLC

**DEMAND FOR JURY TRIAL**

TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:

Plaintiff Washoutpan.com, LLC hereby demands a jury trial in the above-entitled action on all issues triable to a jury.

DATED: April 27, 2020         KING, HOLMES, PATERNO & SORIANO, LLP


By:   */s/ Stephen D. Rothschild*
       HENRY D. GRADSTEIN
       STEPHEN D. ROTHSCHILD
   Attorneys for Plaintiff
   WASHOUTPAN.COM, LLC