1  SEAN D. FLAHERTY (SBN: 272598)
   sflaherty@grsm.com
2  BRANDON D. SAXON (SBN: 252712)
   bsaxon@grsm.com
3  PATRICK J. MULKERN (SBN: 307272)
   pmulkern@grsm.com
4  GORDON REES SCULLY MANSUKHANI, LLP
   633 West Fifth Street, 52 Floor
5  Los Angeles, CA  90071
   Telephone: (619) 230-7473
6  Facsimile: (619) 696-7124

7  Attorneys for Defendant
   HD SUPPLY CONSTRUCTION SUPPLY, LTD
8

9           UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11

12  WASHOUTPAN.COM, LLC, a          ) CASE NO. 2:20-cv-01105-AB-(JEMx)
    California limited liability company, )
13                                      ) **DEFENDANT'S FIRST AMENDED**
                         Plaintiff,     ) **ANSWER TO PLAINTIFF'S FIRST**
14                                      ) **AMENDED COMPLAINT**
         vs.                            )
15                                      ) District Judge:
    HD SUPPLY CONSTRUCTION             ) Hon. Andrew Birotte, Jr.
16  SUPPLY , LTD., a Florida limited    )
    partnership; and DOES 1 through 10, ) Magistrate Judge:
17  inclusive                           ) John E. McDermott
                                        )
18                       Defendants.    )
    _____)

19          Defendant HD Supply Construction Supply, Ltd. ("HDS") hereby answers

20  Plaintiff Washoutpan.com, LLC's ("WP") First Amended Complaint ("FAC") as

21  follows.  HDS denies the allegations and characterizations in WP's FAC unless

22  expressly admitted in the following paragraphs.

23                         **Introduction**

24          1.    HDS admits that it had a business relationship with WP that began in

25  approximately 2012 and ended in 2018, but denies the remaining allegations of this

26  paragraph.

27          2.    HDS denies the allegations of this paragraph.

28          3.    HDS denies the allegations of this paragraph.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-1-

4.     HDS denies the allegations of this paragraph.

**The Parties**

5.     HDS admits the allegations of this paragraph.

6.     HD Supply admits that it is a limited partnership duly organized and existing under the laws of the State of Florida, with its principal place of business in Atlanta, Georgia. Its address is 3400 Cumberland Boulevard, Suite 1700.

7.     HDS lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

8.     HDS lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

9.     HDS lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

**Jurisdiction and Venue**

10.    HDS admits the allegations of this paragraph.

11.    HDS admits the allegations of this paragraph.

12.    HDS admits that this Court has personal jurisdiction over it, but denies the remaining allegations of this paragraph.

13.    HDS denies the allegations of this paragraph.

**Facts**

14.    HDS lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

15.    HDS lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

16.    HDS lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

17.    HDS lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

DEFENDANT'S AMENDED ANSWER                    Case No.: 2:20-cv-01105-AB-JEM(x)

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

18.    HDS lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

19.    HDS lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

20.    HDS admits the allegations of this paragraph, but explicitly does not make any admission regarding the legal application of terms or provisions which may have survived termination.

21.    HDS denies the allegations of this paragraph.

22.    HDS denies the allegations of this paragraph.

23.    HDS denies the allegations of this paragraph.

24.    HDS admits that Plaintiff has attached what appear to be parts of the cited registrations are to the FAC as "Exhibit 5," but those registrations appear incomplete and so HDS lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph. On such basis, HDS denies the allegations of this paragraph.

25.    HDS denies the allegations of this paragraph.

26.    HDS denies the allegations of this paragraph.

27.    HDS admits that part of the cited registration appears to be attached to the FAC as "Exhibit 7," and a photograph is attached to the FAC as "Exhibit 6," but the registration appears incomplete and so HDS lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph. On such basis, HDS denies the allegations of this paragraph.

## Count 1 – Copyright Infringement

28.    HDS repeats, incorporates, and re-alleges its responses to the foregoing paragraphs as though fully set forth here.

29.    HDS admits the allegations of this paragraph.

30.    HDS denies the allegations of this paragraph.

31.    HDS denies the allegations of this paragraph.

-3-

32.   HDS denies the allegations of this paragraph.

33.   HDS denies the allegations of this paragraph.

34.   HDS denies the allegations of this paragraph.

35.   HDS denies the allegations of this paragraph.

36.   HDS denies the allegations of this paragraph.

## Prayer for Relief

HDS denies the allegations of WP's Prayer for Relief, including denying that WP is entitled to any relief whatsoever.  HDS requests the Court deny all relief to WP and enter judgment in HDS's favor instead.

## Demand for Jury Trial

HD Supply does not object to WP's request for a trial by jury on all issues so triable, in accordance with Federal Rule of Civil Procedure 38.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

-4-

DEFENDANT'S AMENDED ANSWER                    Case No.: 2:20-cv-01105-AB-JEM(x)

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## AFFIRMATIVE DEFENSES

HDS asserts the following Affirmative Defenses in response to WP's FAC. HDS reserves the right to amend its responses to add additional Affirmative Defenses or Counterclaims as they become known through the court of discovery in this case. The assertion of any defense is not a concession that HDS has the burden of proof on the matter.

### First Affirmative Defense

WP's FAC fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

WP's FAC is barred, in whole or in part, by the equitable doctrines of acquiescence, waiver, laches, or estoppel.

### Third Affirmative Defense

WP's FAC is barred, in whole or in part, by the equitable doctrine of unclean hands.

### Fourth Affirmative Defense

Without admitting that the FAC states a claim, WP's FAC is barred, in whole or in part, by the equitable doctrine of mistake, as any wrongful acts alleged to have been committed by HDS occurred innocently upon good faith, with a lack of knowledge and/or a lack of willful intent.

### Fifth Affirmative Defense

HDS's alleged use of any protected photographs was a permitted use pursuant to a license.

### Sixth Affirmative Defense

HDS's alleged use of any protected photographs was authorized and consented to by Plaintiff.

### Seventh Affirmative Defense

HDS's alleged use of any protected photographs was released and waived via settlement.

-5-

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

## Eighth Affirmative Defense

On information and belief, the works WP pleads as protected by copyright lack the requisite degree of creativity to merit copyright protection.

## Ninth Affirmative Defense

On information and belief, WP has failed to comply with the statutory formalities for obtaining a copyright registration, and thus the pleaded registrations are invalid or unenforceable.

## Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of misuse of copyright.

## Eleventh Affirmative Defense

Plaintiff is barred by 17 U.S.C. section 412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts occurred before the respective registration of the Plaintiff's alleged works.

## Twelfth Affirmative Defense

The contents of, and HDS's alleged use of any protected photographs subject to WP's copyright infringement claim is protected by the First Amendment of the United States Constitution.

## Thirteenth Affirmative Defense

The contents of, and HDS's alleged use of any protected photographs subject to WP's copyright infringement claim is protected by the doctrine of fair use.

## Fourteenth Affirmative Defense

Any alleged damages suffered by WP were not proximately caused by any act or omission by HDS.

## Fifteenth Affirmative Defense

Without admitting that the FAC states a claim, WP has not been damaged in any amount, manner, or at all by reason of any act alleged against HDS in the FAC, and the relief sought therefore cannot be granted.
///

-6-

### Sixteenth Affirmative Defense

WP's claims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

### Seventeenth Affirmative Defense

On information and belief, to the extent WP had any copyright interest in any photographs asserted in the FAC, it has abandoned or forfeited them.

### Eighteenth Affirmative Defense

WP's FAC is barred, in whole or in part, by applicable statutes of limitations.

### Nineteenth Affirmative Defense

WP's FAC is barred, in whole or in part, by the doctrine of merger.

### Twentieth Affirmative Defense

WP's FAC is barred, in whole or part, by the doctrine of *scenes a faire*.

### Reservation of Rights

HDS has insufficient knowledge or information on which to form a belief as to whether it may have additional, but as-yet-unstated, affirmative defenses available.  HDS reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

///
///
///
///
///
///
///
///
///
///
///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-7-
DEFENDANT'S AMENDED ANSWER                          Case No.: 2:20-cv-01105-AB-JEM(x)

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

1

<u>**Prayer for Relief**</u>

2        WHEREFORE, having fully answered the FAC, HDS respectfully prays as

3    follows:

4        1.      That WP take nothing by way of its FAC;

5        2.      That judgment be entered in favor of HDS and against WP on the FAC

6    as a whole;

7        3.      That HDS be awarded its attorneys' fees and costs of suit as may be

8    appropriate under applicable law; and

9        4.      That the Court award HDS such other relief as the Court may deem

10   appropriate.

11

12   Dated:  August 21, 2020            GORDON REES SCULLY MANSUKHANI LLP

13

14                          By:      */s/ Sean D. Flaherty*_____

15                                   Sean D. Flaherty

16                                   Brandon D. Saxon
                                     Patrick J. Mulkern

17                                   Attorneys for Defendant

18                                   HD SUPPLY CONSTRUCTION SUPPLY,
                                     LTD.

19

20

21

22

23

24

25

26

27

28

-8-

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on this 21st day of August, 2020, the foregoing was

3  filed electronically via the Court's Electronic Filing System and served upon all

4  counsel of record via the same.

5

6                                        /s/ Sean D. Flaherty
                                         Sean D. Flaherty
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1207638/51463329v.1

-9-

DEFENDANT'S AMENDED ANSWER          Case No.: 2:20-cv-01105-AB-JEM(x)